This is an appeal from a judgment of conviction and sentence entered by the Huron County Court of Common Pleas after defendant-appellant, James Jamison, entered a no contest plea to one count of having a weapon while under a disability in violation of R.C. 2923.13(A)(3) and one count of possession of drugs in violation of R.C. 2925.11(A). Appellant now raises the following assignment of error on appeal:
 "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS."
On March 5, 1998, officers of the Monroeville Police Department executed a search warrant which authorized them to search the person of James Jamison in the premises known as 15 Chapel Street, Monroeville, Ohio, for marijuana, ledgers, scales or other items indicating drug abuse. That warrant was issued pursuant to the affidavit of Officer Mike George of the Monroeville Police Department. The affidavit reads in relevant part:
 "I Mike George, after fist [sic] being duly sworn, do state that I am a police officer with the Monroeville Police Department and as such, criminal investigations are part of my duties. I hereby make this affidavit for the purpose of securing from a judge of a court of competent jurisdiction a search warrant to search. Said request is based on the following:
 "1. I was informed 2/26/98 by Chief White that during the course of a complaint being investigated by him, he was told by Mr. Jamison's step-daughter that Jim Jamison of 15 Chapel St. in the village of Monroeville stores marijuana by `his' chair, found in front of the t.v., in the living room of their 15 Chapel St. residence.
 "2. On 3/4/98 I was told by Jim Jamison's wife, Trudy, that Jim often times smokes marijuana in front of the children in the household. Trudy further advised me that he sometimes will go into the garage and smoke marijuana. Trudy advised she does not know if he keeps the marijuana by `his' chair however did confirm he smokes marijuana in the chair in front of the t.v. in the living room of their 15 Chapel Street residence.
 "3. On 3/4/98 Jim Jamison's five year old biological daughter was interviewed by Children Services worker Jo North Baker, and Chief Michael White. During the course of the interview, The [sic] child said, during the interview, that Jim Jamison keeps his marijuana by `his' chair that is located in front of the tv [sic] in his residence at 15 Chaple [sic] St. She also described the physical appearance of the marijuana and indicated that there were `bunches' near the chair described as `his' chair above.
 "4. Affiant is aware that from several sources, both reliable and unclassified that Jim Jamison is involved in the use and sale of marijuana. A check of Mr. Jamison's CCH indicates prior convictions for drug related offenses. (A printout of mr. [sic] Jamison's criminal history is attached hereto as Exhibit `B')"
Pursuant to the search, officers seized from Jamison's premises a firearm and cocaine, the amount of which is not specified in the record.
On July 7, 1998, appellant filed a motion to suppress the evidence seized from the search of his residence. Appellant asserted that the affidavit was deficient in that it did not show the reliability of the informants and, if at all, only showed probable cause for a misdemeanor offense. On July 20, 1998, the court held a hearing on the motion to suppress at which the parties simply argued their positions but did not present any evidence in addition to the affidavit quoted above. On July 23, 1998, the trial court filed a judgment entry denying the motion to suppress. Specifically, the court held that although paragraph four of the affidavit did not contain normally sufficient internal verification, the affidavit, considered as a whole, did set forth a substantial basis for a finding of probable cause. Upon that ruling, appellant changed his prior not guilty plea to a plea of no contest and the court convicted him as set forth above. It is from that judgment and the ruling on the motion to suppress that appellant now appeals.
In his sole assignment of error, appellant contends that the trial court erred in denying his motion to suppress because the affidavit in support of the search warrant request was insufficient on its face to establish probable cause. Specifically, appellant argues that the veracity of the individuals providing officers with hearsay information was never established and that information, therefore, lacks reliability.
 "In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, `[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. George (1989), 45 Ohio St.3d 325, paragraph one of the syllabus.
Neither the trial court nor the appellate court should substitute its judgment for that of the issuing magistrate by conducting a denovo review of whether the affidavit sufficiently provides probable cause for the warrant. Id. at paragraph two of the syllabus. Rather, as a reviewing court, our task, as was that of the trial court, is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. Id.
Doubtful or marginal cases should be resolved in favor of upholding the warrant. Id.
In the case before us, the magistrate was presented with information which officers learned from appellant's family members. Those family members were intimately aware of appellant's daily activities. Moreover, the credibility of those family members was bolstered by the fact that they all revealed basically the same facts during the course of a criminal investigation and an investigation by Children Services. Based on these facts, we conclude that the issuing magistrate had a substantial basis for concluding that there was a fair probability that evidence of a crime would be found upon a search of appellant's residence. The trial court therefore did not err in denying appellant's motion to suppress.
We further note, however, that even if the affidavit was insufficient to establish probable cause, items obtained pursuant to a search warrant will not be suppressed. United States v. Leon
(1984), 468 U.S. 897; State v. Spitler (1991), 75 Ohio App.3d 341,348. Rather, items obtained by way of a search warrant will only be suppressed if (1) the officer purposely misled the magistrate in the affidavit with false statements or with statements made with a reckless disregard of the truth, (2) the issuing magistrate failed to act as a neutral magistrate and in effect acted as a member of the executive branch, or (3) the affidavit is so lacking in probable cause that an officer's objective good faith reliance on the warrant is entirely unreasonable. Leon, supra, at 922. Appellant has failed to establish any of these criteria.
Accordingly, the trial court did not err in denying appellant's motion to suppress and the sole assignment of error is not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Richard W. Knepper, J.
 Mark L. Pietrykowski, J.
CONCUR.